UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMORY MCPHERSON,

   Plaintiff,

   v.

RANDY GROUNDS, et al.,

   Defendants.

Case No. 15-cv-03145-EMC

**ORDER OF SERVICE**

## I. INTRODUCTION

Emory McPherson, an inmate at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. After he filed his complaint, he filed a first amended complaint, which the Court now reviews pursuant to 28 U.S.C. § 1915A.

## II. BACKGROUND

In his first amended complaint (Docket No. 8), Mr. McPherson alleges that he slipped and fell down the stairs while he was handcuffed behind his back and returning from the shower on May 12, 2014. His first amended complaint alleges the following:

Due to the known risk of falls, "it is the 'safe custody' policy of the California Department of Corrections and Rehabilitation (CDCR) that anytime an inmate is handcuffed behind his back and made to walk, the inmate shall be escorted and assisted by prison staff to prevent injury." *Id.* at 5. During 2013 and 2014, Salinas Valley prison staff operated "a 'quick shower' policy and practice that was contrary to" the "safe custody" practice and had the inmates walking up and down the wet and slippery stairs to and from the shower unescorted and unassisted. *Id.* Some inmates slipped and fell. Warden Grounds, captain Parin and subordinate prison staff developed and implemented the "quick shower" policy requiring inmates to be handcuffed behind their backs

1   and go up and down stairs for the second tier shower unescorted and unassisted by prison staff,
2   notwithstanding known safety risks. *Id.* at 12.

3   On May 12, 2014, Mr. McPherson, who was housed on the bottom tier, was called for his turn to take a shower and directed to take the shower on the second floor. His hands were placed in handcuffs behind his back. He unsuccessfully objected to the order to shower on the second floor, explaining that he had previously "slipped and partially fell during a prior second tier shower" and was concerned about the danger of walking on the slippery stairs. *Id.* at 7. He was ordered by escorting officers C/O Alamo and C/O Ray to go up to the second tier shower or be disciplined for disrupting and delaying their shower procedures. Defendants C/O Ray, C/O Alamo and C/O Gonzales refused Mr. McPherson's requests to shower on the bottom tier or to be handcuffed in front of his body. During the escort, C/O Alamo and C/O Ray argued, and C/O Alamo walked away. *Id.* at 8. After Mr. McPherson showered and was again handcuffed behind his back by C/O Ray, C/O Ray ordered him to return to his cell but refused to escort him down the stairs, despite Mr. McPherson's expressed concerns for his safety. C/O Gonzales also ordered Mr. McPherson to return to his cell downstairs. As Mr. McPherson stepped onto the first step of the stairs, he fell down the stairs and landed on the cement floor of the building unconscious, where he allegedly lay for about 25-40 minutes before he was put on a backboard and taken to the hospital. *Id.* at 9.[1] He was seriously injured in the fall. *Id.* at 10. Mr. McPherson has suffered nine medical emergencies, continues to require "orthopedic therapy," and takes narcotic pain medications since the fall. *Id.* at 10-11.

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

---

[1] Mr. McPherson alleges that he fell "down a staircase of 15 steps" as he descended from the second to the first floor. Docket No. 8 at 2. He repeatedly refers to this as falling down "15 flights of stairs" in his first amended complaint, *see, e.g., id.* at 3, 4, but this appears to be an incorrect use of the term "flight," as it suggests he fell from the 15th floor to the 1st floor and made numerous turns on the staircase as it descended 15 floors. A "flight" of stairs is defined as a "series of stairs rising from one landing to another." Webster's II New Riverside University Dictionary 487 (1984). There is no need to further amend to correct this apparent error, but he should use the term "flight" correctly in future filings.

1  U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims, and dismiss any
2  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
3  seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).
4  *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
5  696, 699 (9th Cir. 1990).

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
7  right secured by the Constitution or laws of the United States was violated and (2) that the
8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
9  U.S. 42, 48 (1988).

10  The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison
11  officials take reasonable measures for the safety and health of inmates. *See Farmer v. Brennan*,
12  511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two
13  requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the
14  official is, subjectively, deliberately indifferent to the inmate's safety or health. *See id.* at 834.
15  Liberally construed, the *pro se* first amended complaint states cognizable Eighth Amendment
16  claims against warden Grounds, captain Parin, C/O Gonzales, C/O Alamo, and C/O Ray based on
17  their alleged roles in implementing the "quick shower" policy that allegedly caused Mr.
18  McPherson's fall down the stairs.

19  Under California law, "[t]he elements of a cause of action for negligence are well
20  established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the
21  breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12
22  Cal. 4th 913, 917 (Cal. 1996) (citations and internal quotation marks omitted). Liberally
23  construed, the *pro se* first amended complaint states a state law negligence claim against warden
24  Grounds, captain Parin, C/O Gonzales, C/O Alamo, and C/O Ray based on their alleged roles in
25  implementing the "quick shower" policy that allegedly caused Mr. McPherson's fall down the
26  stairs.

### IV. CONCLUSION

1. The first amended complaint states Eighth Amendment and state law negligence claims against warden Grounds, captain Parin, C/O Gonzales, C/O Alamo, and C/O Ray based on their alleged roles in implementing the "quick shower" policy that allegedly caused Mr. McPherson's fall down the stairs

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the first amended complaint and a copy of all the documents in the case file upon the following defendants, who apparently work at Salinas Valley State Prison:
- warden Randy Ground
- Facility B captain R. Parin
- correctional officer D. Gonzales
- correctional officer Alamo
- correctional officer Ray

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

a. No later than **January 29, 2016**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendants file a motion to dismiss for non-exhaustion of administrative remedies, Defendants must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **February 26, 2016**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided

later in this order as he prepares his opposition to any motion to dismiss. Plaintiff also is cautioned that he must comply with the Court's page limitations, i.e., his opposition brief may not exceed 25 pages in length.

   c. If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **March 11, 2016**.

  4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to

exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to the Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: November 10, 2015

_____
EDWARD M. CHEN
United States District Judge